UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PINTO KROPEK,

    Plaintiff,

v.

JUDGE BRIAN SULLIVAN;
JUDGE MARK A. McCONNELL;
TROTT & TROTT, P.C.;
DONALD J. KING; PARISA GHAZAERI;
WARREN EVANS; RALPH LEGGAT;
EHMAN & GREENSTREET, INC.;
JP MORGAN CHASE BANK, N.A;
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Individually, Jointly and Severally,

    Defendants.

Case No. 13-13573

Hon. Stephen J. Murphy, III
Mag. Judge Laurie J. Michelson

_____/

**REPORT AND RECOMMENDATION ON (1) DEFENDANT JUDGE BRIAN SULLIVAN'S MOTION TO DISMISS [6] AND (2) DEFENDANT JUDGE MARK A. McCONNELL'S MOTION FOR SUMMARY JUDGMENT [15]**

    Plaintiff Pinto Kropek ("Plaintiff") lived with his wife, until her death, in a home that she owned. After her death, neither Plaintiff nor the executors of his wife's trust continued to pay the mortgage. Plaintiff challenged the subsequent mortgage foreclosure in state court. Defendant 18th District Judge Mark A. McConnell ("McConnell") entered a Judgment of Possession in favor of Federal National Mortgage Association ("Fannie Mae") and against Plaintiff, which was upheld on appeal by Defendant Wayne County Circuit Court Judge Brian Sullivan ("Sullivan"). Plaintiff now contends that numerous individuals and entities involved in the foreclosure proceedings, including the presiding judges, violated his constitutional rights. (Dkt. 1, Compl.)

    All pretrial proceedings have been referred to this Court. Presently before the Court is Judge Sullivan's Motion to Dismiss (Dkt. 6) and Judge McConnell's Motion to Dismiss and/or for

Summary Judgment (Dkt. 15).[1] These judges claim that they are entitled to judicial immunity. Plaintiff has responded to their motions (Dkts. 19, 24) and the Court finds oral argument to be unnecessary. *See* E.D. Mich. LR 7.1(f). Having carefully reviewed the relevant pleadings and briefing, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims against Judge McConnell and Judge Sullivan and, further, that those claims are precluded by the doctrine of judicial immunity. Accordingly, this Court RECOMMENDS that the Judicial Defendants' motions to dismiss be GRANTED.

## I.   BACKGROUND

Plaintiff's late wife Peggy Lee Loshbough owned a residence at 8327 Donna Street in Westland, Michigan where the couple lived. After her death in September 2008, the property was deeded to a trust for Plaintiff, his wife's sister and her two daughters. (Dkt. 1, Compl., Ex.4, May 26, 2010 Tr. at 8; Ex. 5, Dec. 3, Tr. at 7.) Pursuant to the terms of the trust, Plaintiff was granted the right to remain in the home for one year. (Dec. 3, 2010 Tr. at 15-17.) During that time, the trust paid the mortgage payments. (*Id*. at 13, 16.) After that, however, the mortgage payments went unpaid and the home was sold at a sheriff's (foreclosure) sale. (*Id*. at 10-13.) The property was subsequently conveyed to Defendant Federal National Mortgage Association ("Fannie Mae") via a quit claim deed. (May 26, 2010 Tr. at 4-5.) Fannie Mae then brought a summary proceeding against Loshbough and the "occupants" of the property (i.e., Plaintiff) in the 18th District Court in Westland seeking possession of the property. (*Id*. at 5.) The case was assigned to Judge Mark A.

---

[1] Judge McConnell "moves for summary judgment pursuant to the provisions of Fed. R. Civ. P. 12(b)(6), and 56." (McConnell Mot. at 2.) Rule 12(b)(6) pertains to motions to dismiss and not summary judgment. Thus, the Court is construing the motion as one to dismiss or, alternatively, for summary judgment.

McConnell who, following a hearing on May 26, 2010, granted Fannie Mae's motion for judgment of possession. (*Id*. at 14-17.) Plaintiff "appealed the 18th District Court's ruling to the [Wayne County Circuit Court] and Defendant [Judge Brian] Sullivan oversaw those proceedings." (Compl. at ¶ 47.) Plaintiff alleges that Sullivan "had read through the 'volumes of papers' submitted by Plaintiff but clearly didn't comprehend or care to comprehend what was submitted . . . ." (*Id*. at 48.) Plaintiff believes that, based on the law he provided, Judges McConnell and Sullivan "should have voided the sheriff sale ab initio" (*id*. at ¶ 50) and that their "failure to overturn the fraudulent sale resulted ultimately in the wrongful eviction of Plaintiff from his home and the loss of twenty years of assets accumulated by Plaintiff and his deceased wife" which caused Plaintiff injury. (Compl. at ¶ 50; Dkt. 19, Resp. to Sullivan Mot. at 3; Dkt. 24, Resp. to McConnell Mot. at 6, ¶ 2). Plaintiff contends, however, that neither "McConnell nor Sullivan cared about the law or the facts of the case. No, they were interested in if you didn't pay [the mortgage], get out." (*Id*. at ¶52(E).)[2]

Feeling aggrieved by these rulings, Plaintiff brought this lawsuit on August 20, 2013 against the Judicial Defendants as well as numerous other individuals and entities involved with the underlying mortgage. Plaintiff contends that, by working in conjunction with these other Defendants, Judges McConnell and Sullivan denied, and conspired to deny, Plaintiff of his due process and other constitutional rights in violation of 42 U.S.C. §§ 1983 and 1985. (*Id*. at ¶¶ 52(F), 54.)

---

[2] Plaintiff relies on the transcripts of the court proceedings to support his claims. These transcripts make clear that Judges Sullivan and McConnell gave Plaintiff the opportunity to present his arguments. They both asked him questions during the oral arguments. It is disingenuous for Plaintiff to refer to these oral argument questions as "cross-examination" by the judges on behalf of Defendant Trott and Trott. (*See* Resp. to McConnell Mot. at 5, ¶ 1.)

## II.     ANALYSIS

### A.     Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the Rule 12(b)(6) standard requires that a plaintiff provide "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Bare allegations without a factual context do not create a plausible claim. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011). A complaint must "contain[] direct or inferential allegations respecting all the material elements under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Moreover, "the availability of absolute judicial immunity in the context of Rule 12(b)(6) motion to dismiss presents a question of law" and Judges Sullivan and McConnell bear the burden of establishing that such immunity is warranted. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

### B.     Subject Matter Jurisdiction

"Federal Courts have a duty to police their own jurisdiction." *Get Back Up, Inc. v. City of Detroit*, 878 F. Supp. 2d 794, 802 (E.D. Mich. 2012). Fed. R. Civ. P. 12(b)(1) authorizes this court to dismiss a complaint for lack of subject matter jurisdiction. The *Rooker-Feldman* doctrine prohibits federal courts, other than the United States Supreme Court, from performing appellate review of state-court rulings. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *see also*

4

*Givens*, 278 F. App'x 607, 608-09 (6th Cir. 2008) ("Pursuant to [the *Rooker-Feldman*] doctrine, lower federal courts lack subject matter jurisdiction to review the decisions of state courts."). The Supreme Court has explained that the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). In the wake of *Exxon*, the Sixth Circuit has "distinguished between plaintiffs who bring an impermissible attack on a state court judgment — situations in which Rooker-Feldman applies — and plaintiffs who assert independent claims before the district court — situations in which Rooker-Feldman does not apply." *Lawrence*, 531 F.3d at 368. In *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006), the Appellate Court further explained that the pertinent inquiry after *Exxon* is whether the "source of the injury" upon which plaintiff bases her federal claim is the state court judgment:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*Id.* at 394.

The source of Plaintiffs' claims against Judges McConnell and Sullivan are their judicial decisions. During foreclosure proceedings before Judge McConnell, Fannie Mae obtained a Judgment of Possession which was affirmed on appeal by Judge Sullivan. Plaintiff alleges in the first paragraph of his Complaint that "[t]he District Court and the Wayne County Circuit Court, on appeal, ruled in favor of Defendants in spite of the overwhelming evidence against the Defendants."

(Compl., ¶ 1.) Plaintiff further alleges:

> E. Neither Defendant McConnell nor Sullivan cared about the law or the facts of the case. No, they were interested in if you didn't pay [the mortgage], get out. What does it matter if the Defendants broke the law, you didn't pay? Well, it does matter which is why we are in this Court now.
>
> F. As a result of both Defendants, McConnell and Sullivan, working in conjunction with the other Defendants, denied Plaintiff his due process rights.

(*Id*. at ¶ 52(E) and (F).)

In other words, Plaintiff claims that Judge McConnell's and Judge Sullivan's rulings were improper and caused him to lose his home. To agree with Plaintiff would be to hold that Judge McConnell and Judge Sullivan erred. In other words, any relief in this action could "only be predicated upon a conviction that the state court proceeding was wrong." *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 756 (2003). Yet, this is precisely the outcome that *Rooker-Feldman* prohibits. *See Hall v. Callahan*, No. 12-3708, 727 F.3d 450, 2013 WL 2364140 (6th Cir. May 31, 2013) (finding plaintiffs' claim that they were injured by the actions of a presiding judge during the state court proceeding to "directly implicate[] *Rooker–Feldman* concerns. Indeed, the *McCormick* court explicitly noted that errors made by state court judges are barred from consideration."); *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460-61 (6th Cir. 2003) ("[W]hen granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction."); *Stanton v. Hutchins*, No. 10-cv-74, 2010 WL 882822 (W.D. Mich. Mar.8, 2010) ("Nor is this court likely to hold that [plaintiff can] circumvent the Rooker-Feldman jurisdictional bar by arguing that the Branch County Circuit Court decision was not merely wrong but void ab initio." (citing *Searcy v. Clawson*, 70 F. App'x. 907,

907-08 (8th Cir. 2003))).

The Court therefore lacks subject-matter jurisdiction over Plaintiff's claims against Judges McConnell and Sullivan, and therefore those claims should be dismissed without examining their merits.

**C.     Immunity**

Even if *Rooker-Feldman* does not present a jurisdictional bar, Plaintiff's claims for damages against the Judicial Defendants in their official capacities are barred by Eleventh Amendment immunity. (*See* Dkt. 19, Resp. to Sullivan Mot. at 1-2; Dkt. 24, Resp. to McConnel Mot. at 6, ¶ 5 (Plaintiff contends that he is suing Judges Sullivan and McConnell in both their official and individual capacities).) Neither Congress nor the State of Michigan has waived Michigan's Eleventh Amendment immunity from suits brought under 42 U.S.C. § 1983. *Kentucky v. Graham*, 473 U.S. 159, 169 n.17, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And official-capacity suits are, in reality, suits against the relevant office, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), and state courts are agencies of the state, *see Pucci v. Nineteenth District Court*, 628 F.3d 752, 764 (6th Cir. 2010) ("The Nineteenth District Court (as with Michigan trial-level district courts generally) is entitled to the immunity protections of the Eleventh Amendment, and all federal claims against it must be dismissed.").

Plaintiff's claims against the Judicial Defendants in their personal capacities for, what he calls, violating their oaths of office, also fail. As a general rule, judges are immune from suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994). The Supreme Court has specifically held that state judges are absolutely immune from

§ 1983 suits arising out of their performance of judicial functions. *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Thus, "[i]t is clear that judges in courts of limited jurisdiction (such as Michigan district judges) are entitled to the protection of the immunity doctrine." *Hewett v. City of Grand Rapids*, No. 12-998, 2012 U.S. Dist. LEXIS 159787, at *9 (W.D. Mich. Oct. 15, 2012) (citing *White v. Gerbitz*, 892 F.2d 457, 462 (6th Cir. 1989)), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 158755 (W.D. Mich., Nov. 6, 2012). This far-reaching protection "is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)). As such, judicial immunity applies even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Indeed, there are only two exceptions to judicial immunity: a judge is not immune from suits for acts that are (1) not judicial in nature or (2) performed without jurisdiction. *Mireles*, 502 U.S. at 11-12; *Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012). Plaintiff's allegations fail to implicate either of these exceptions.

First, an act is judicial in nature when "it is a function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)*; see Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997). In examining the functions normally performed by a judge, the Sixth Circuit has recognized that "'paradigmatic judicial acts,' or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity." *Brookings,* 389 F.3d at 618 (quoting *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997)). This is precisely what occurred here –

8

Judge McConnell resolved the summary proceeding for possession filed against Plaintiff and Judge Sullivan denied Plaintiff's appeal of that ruling. At all times, Plaintiff dealt with the Judicial Defendants in their capacities as judges. Even assuming, as Plaintiff contends, that the Judicial Defendants' rulings were unjustified or erroneous, their acts were no less judicial. *See Brookings*, 389 F.3d at 617; *see also Stump*, 435 U.S. at 356-57 (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Accordingly, the first exception to judicial immunity does not apply.

The second exception is likewise inapplicable. For the exception to apply, a judge must have acted "in the clear absence of all jurisdiction," as opposed to merely "in excess of authority." *Tunis*, 113 F.3d at 1441. "A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997). Michigan law provides that a summary proceeding for possession of premises falls within the exclusive jurisdiction of the State's district courts. Mich. Comp. Laws § 600.5704 *et seq*. Michigan law further provides that its circuit courts are courts of general jurisdiction and have appellate jurisdiction from all inferior courts. *See* Mich. Const. 1963, art. VI, § 13. In presiding over these cases, the Judicial Defendants were clearly acting within the scope of their authority.[3]

In the absence of an applicable exception, Judges Sullivan and McConnell are entitled to absolute judicial immunity from Plaintiff's claims seeking monetary relief.

### C. Failure to State a Claim

---

[3] Plaintiff does not address these exceptions to judicial immunity. Instead, he relies on section 1983 cases that do not involve claims against judicial officers.

In addition to the judicial immunity bar, Plaintiff's Complaint fails to state a viable cause of action under 42 U.S.C. § 1985. As the Sixth Circuit ruled in a similar case:

> The dismissal of [plaintiff's] claim under § 1985(3) was also proper because she did not show that the defendants were motivated by gender bias or some other class-based, invidiously discriminatory animus. *See Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996), *cert. denied*, 519 U.S. 1114, 136 L. Ed. 2d 842, 117 S. Ct. 956 (1997).

*Krajicek v. Justin*, No. 98-1249, 1999 U.S. App. LEXIS 5383, at *4 (6th Cir. Mar. 23, 1999).

## III. CONCLUSION AND RECOMMENDATION

Under the *Rooker-Feldman* doctrine, the federal courts lacks subject-matter jurisdiction over Plaintiff's claims against Judge Sullivan and Judge McConnell and thus this Court RECOMMENDS that those claims be DISMISSED WITHOUT PREJUDICE. But if this Court has jurisdiction, Plaintiff has failed to state a claim upon which relief may be granted against Judge Sullivan and Judge McConnell and Plaintiff's claims against them should be DISMISSED WITH PREJUDICE.

## IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies,

through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

              s/Laurie J. Michelson
              LAURIE J. MICHELSON
              UNITED STATES MAGISTRATE JUDGE

Dated:  November 5, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 5, 2013.

              s/Jane Johnson
              Deputy Clerk