UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PINTO KROPEK,

    Plaintiff,

v.

JUDGE BRIAN SULLIVAN; JUDGE MARK
A. McCONNELL; TROTT & TROTT, P.C.;
DONALD J. KING; PARISA GHAZAERI;
WARREN EVANS; RALPH LEGGAT;
EHMAN & GREENSTREET, INC.; JP
MORGAN CHASE BANK, N.A.; and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.
                                /

Case No. 13-cv-13573

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND
RECOMMENDATION** (document no. 38), **AND
GRANTING JPMORGAN CHASE BANK, N.A. AND
FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
MOTION TO DISMISS** (document no. 9), **TROTT & TROTT,
P.C., DONALD J. KING AND PARISA GHAZAERI'S MOTION FOR
SUMMARY JUDGMENT/DISMISSAL** (document no. 11), **AND WARREN
C. EVANS AND RALPH LEGGAT'S MOTION TO DISMISS** (document no. 29)

    Plaintiff Pinto Kropek has filed this lawsuit alleging that various parties violated his rights under the United States Constitution in foreclosing upon his home and then seeking possession and eviction. The Court referred all pre-trial proceedings to Magistrate Judge David R. Grand.

    Before the Court are three dispositive motions: (1) a motion to dismiss made by defendant JP Morgan Chase Bank, N.A ("Chase"), which held the mortgage and initiated foreclosure proceedings and defendant Federal National Mortgage Association ("Fannie Mae"), to which Chase deeded the property and which filed a summary proceeding in Michigan state court to obtain possession of the property; (2) a motion to dismiss or for

summary judgment by defendant Trott & Trott, P.C., the law firm retained to initiate the foreclosure proceedings and to represent Fannie Mae in the summary proceeding, and its attorneys defendants Donald King and Parisa Ghazaeri; and (3) a motion to dismiss or for summary judgment brought by defendant Ralph Leggat, a Special Deputy Sheriff, who sold the home to Chase at a foreclosure sale, and defendant former Sheriff Warren Evans.

On July 10, 3014, the magistrate judge issued a Report and Recommendation ("Report,"), recommending that the claims against all of the moving defendants be dismissed. Report & Recommendation, ECF No. 38. The magistrate judge first determined that Kropek's complaint should be dismissed to the extent that it was based upon various irrelevant legal theories, including the Treaty of Ghent of 1814, 1 U.S.C. § 109, "Federal Title Law," Section 2 of the Sherman Act, and 42 U.S.C. § 1985. The magistrate judge then recommended that Kropek's constitutional claims against the moving defendants, brought pursuant to 42 U.S.C. § 1983, be dismissed because he failed to make the prerequisite showing that the moving defendants engaged in state action when conducting the foreclosure proceedings and the sheriff's sale, or that they acted under color of state law in subsequently seeking a judgment of possession in the state courts. Finally, the magistrate judge recommended that the Court decline to exercise supplemental jurisdiction over any remaining state law claims against these defendants.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, a district judge is entitled to review the magistrate

judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

Because neither party filed objections to the Report, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings and grant the motions.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 38) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Chase and Fannie Mae's motion to dismiss (document no. 9), Trott and Trott, King and Ghazaeri's motion for summary judgment/dismissal (document no. 11), and Evans and Leggat's motion to dismiss (document no. 29) are **GRANTED**.

**IT IS FURTHER ORDERED** that all of plaintiff's claims against defendants Chase, Fannie Mae, Trott and Trott, King, Ghazaeri, Evans, and Leggat are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: July 31, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 31, 2014, by electronic and/or ordinary mail.

                                              s/Carol Cohron
                                              Case Manager