UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PINTO KROPEK,

    Plaintiff,

v.

JUDGE BRIAN SULLIVAN, JUDGE MARK
A. McCONNELL, TROTT & TROTT, P.C.,
DONALD J. KING, PARISA GHAZAERI,
WARREN EVANS, RALPH LEGGAT,
EHMAN & GREENSTREET, INC., JPMORGAN
CHASE BANK, N.A, and FEDERAL NATIONAL
MORTGAGE ASSOCIATION, individually,
Jointly and severally,

    Defendants.

_____/

Civil Action No. 13-13573
Hon. Stephen J. Murphy, III
Magistrate Judge David R. Grand

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST EHMAN & GREENSTREET, INC. FOR FAILURE TO TIMELY EFFECUTATE SERVICE

### I. PROCEDURAL HISTORY

Plaintiff Pinto Kropek filed this lawsuit on August 20, 2013, alleging, *inter alia*, that the defendants violated his rights under the United States Constitution in foreclosing upon his home and then seeking possession and eviction. (Doc. #1). On April 15, 2014, this case was referred to the undersigned for all pretrial purposes. (Doc. #33).

On July 10, 2014, this Court issued a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed with prejudice as to all remaining Defendants, with the exception Ehman & Greenstreet, Inc. ("Ehman"). (Doc. #38). Plaintiff did not object to the R&R, and the District Court adopted it on July 31, 2014. (Doc. #39).

In footnote 5 of its R&R, the Court specifically advised Plaintiff:

> The Court questions whether Ehman has been properly served and uses

>   this opportunity to inform Kropek that his proof of service (*see* Doc. #21 at 7-8) **is not sufficient to demonstrate proper service** at least because it lacks an accompanying affidavit or declaration. *See Cole v. Shinseki*, 2013 WL 2289257, at *3 (W.D. Tenn. May 23, 2013) ("The Court finds that without a proper affidavit, Plaintiff's proof of service does not comply with [Federal Rule of Civil Procedure] 4(l)."); *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 600 (E.D.N.Y. 2013) ("Upon proper service, plaintiff must file proof of service with the court by filing an affidavit completed by her process server."). The Proof of Service also does not specify the manner in which Kropek purportedly served Ehman, a corporation.

(Doc. #38 at 21, n. 5) (emphasis added). Despite being specifically put on notice that Ehman had not been properly served, Plaintiff has taken no steps to provide the Court with an affidavit or declaration (or any other writing, for that matter) attesting to the manner in which Ehman purportedly was served.

## II.   ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 120 days of filing the complaint, the court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is a plaintiff's burden to establish good cause for failing to timely effectuate service. *See Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

It has now been almost one full year since Plaintiff commenced this action. Despite being notified of the deficiencies in his purported service of the summons and complaint on Defendant Ehman, Plaintiff has failed to provide any explanation – let alone good cause – for his failure to timely and properly serve this entity. Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, the Court recommends that Plaintiff's complaint against Defendant Ehman

& Greenstreet, Inc. be dismissed without prejudice. *See Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

### III.   RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's complaint against Defendant Ehman & Greenstreet, Inc. be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2.

Dated: August 6, 2014  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the

objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2014.

>
> s/Eddrey O. Butts
> EDDREY O. BUTTS
> Case Manager