UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PINTO KROPEK,

       Plaintiff,                              Case No. 13-cv-13573

v.                                     HONORABLE STEPHEN J. MURPHY, III

JUDGE BRIAN SULLIVAN; JUDGE MARK
A. McCONNELL; TROTT & TROTT, P.C.;
DONALD J. KING; PARISA GHAZAERI;
WARREN EVANS; RALPH LEGGAT;
EHMAN & GREENSTREET, INC.;
JPMORGAN CHASE BANK, N.A.; and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

       Defendants.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION (document no. 40), AND DISMISSING KROPEK'S COMPLAINT AGAINST EHMAN & GREENSTREET, INC. FOR FAILURE TO TIMELY EFFECTUATE SERVICE

Plaintiff Pinto Kropek filed this lawsuit on August 20, 2013, alleging, *inter alia*, that the defendants violated his rights under the United States Constitution by foreclosing upon his home and then seeking possession and eviction. Ehman & Greenstreet is the only defendant remaining in the action. Before the Court is Magistrate Judge David R. Grand's Report and Recommendation ("the Report") to dismiss Kropek's complaint against Ehman & Greenstreet for failure to timely effectuate service. ECF No. 40.

On July 10, 2014, the magistrate judge issued a Report and Recommendation, separate from the one at issue here, recommending that Kropek's complaint be dismissed with prejudice as to defendants JPMorgan Chase Bank, N.A., Federal National Mortgage Asssociation, Trott & Trott, P.C., Donald J. King, Parisa Ghazaeri, Warren Evans, and Ralph Leggat. ECF No. 38. A footnote in that report advised Kropek that his proof of

service, see ECF No. 21 at 7–8, "is not sufficient to demonstrate proper service at least because it lacks an accompanying affidavit or declaration." ECF No. 38 at 21, n.5. The magistrate judge now notes that Kropek "has taken no steps to provide the Court with an affidavit or declaration . . . attesting to the manner in which Ehman purportedly was served." ECF No. 40 at 2. Thus, pursuant to Civil Rule 4(m), the Court must dismiss the action without prejudice as to Ehman & Greenstreet because Kropek failed to effectuate service within 120 days of filing the complaint.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of a magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, as a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, a district judge is entitled to review the magistrate judge's findings of fact and conclusions of law. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

Because neither party filed objections to the Report, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings and dismiss Kropek's complaint.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation

(document no. 40) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Kropek's complaint against Ehman & Greensteet,

Inc. is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 18, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on September 18, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager